UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Norvell T. McIntire,                                        Case No. 3:15-cv-2622

          Petitioner,

v.                                                          MEMORANDUM OPINION
                                                            AND ORDER

Michelle Miller, Warden,

          Respondent.

## I. INTRODUCTION

Petitioner Norvell T. McIntire[1], acting *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, related to his 2013 convictions on charges of rape, gross sexual imposition, importuning, attempted gross sexual imposition, and public indecency in the Huron County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge David A. Ruiz reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 15). McIntire has filed objections to Judge Ruiz's Report and Recommendation. (Doc. No. 16). McIntire also has filed motions for appointment of counsel, (Doc. No. 17), a declaration of indigency, (Doc. No. 18), and for an evidentiary hearing, (Doc. No. 19). For the reasons stated below, I overrule McIntire's objections, deny his motions, and adopt Judge Ruiz's Report and Recommendation.

---

[1] As Judge Ruiz notes, the spelling of McIntire's first name is unclear. His name is spelled "Norvelle" frequently throughout the state court record and on the website of the Ohio Department of Rehabilitation and Correction, but McIntire himself spells his name "Norvell" in his filings in this case.

## II. BACKGROUND

On May 2, 2013, a Huron County jury returned guilty verdicts against McIntire for rape, gross sexual imposition, importuning, attempted gross sexual imposition, and public indecency. McIntire was acquitted of two other counts of importuning following a bench trial. He was sentenced to a total of twelve years in prison.

McIntire does not object to Judge Ruiz's recitation of the factual and procedural history of this case. I adopt those sections of the Report and Recommendation in full. (Doc. No. 15 at 1-7).

## III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

McIntire asserts ten grounds for relief:

1. The trial court abused its discretion when it allowed detective Fulton to provide inadmissible testimony about abused victims.

2. Trial court erred when it allowed the state of Ohio to comment on appellant's right to invoke counsel.

3. Trial court erred when it failed to grant the appellant's motion for acquittal.

4. Violation of Due Process; equal protection and prosecutorial vindictiveness – adding charges to indictment, False testimony by state witness K.R. […..]

5. Defense counsel's prejudicial comment breached client attorney privilege citing culpable conduct.

6. Appellant challenges the trial court's supplement to the record Of Appeal R.9(A)(B)(E).

7. Trial court violated the appellant's rights when it allowed the conviction to stand against the sufficiency of the evidence and the manifest weight of evidence, violations of Fifth, Sixth, and the Fourteenth Amendments of the United States Constitution.

8. Trial court erred as a matter of law when it allowed testimony of impermissible other acts evidence in violation of due process clause of the Fourteenth Amendment to the U.S. Constitution.

9. Trial court erred by way of impropriety making an implied or expressly [sic] comment by the judge disparaging the defendant.

10. Cumulative errors: Trial court erred in allowing multiple errors to stand resulting in an unfair trial.

(Doc. No. 15 at 6-7 (citing and summarizing Doc. No. 1 at 4-9)).

## A. Procedural Default

The procedural-default rule prohibits a federal court from reviewing claims in a habeas petition if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a

3

claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

Judge Ruiz reviewed the state court record and concluded McIntire failed to give the Ohio appellate courts one full and fair opportunity to review nine of his ten claims. (Doc. No. 15 at 10-16). Further, Judge Ruiz concluded those claims are procedurally defaulted because McIntire cannot return to state court to raise those claims again. (Id.).

McIntire offers a few reasons why I should reject Judge Ruiz's conclusion and excuse his procedural default: (1) he lacked the effective assistance of counsel; (2) he was not required to present all of his constitutional claims in his petition for jurisdiction to the Supreme Court of Ohio, because he would have presented those claims if the Supreme Court of Ohio had accepted jurisdiction; and (3) a fundamental miscarriage of justice occurred. (Doc. No. 16 at 3-6).

As Judge Ruiz noted, a defendant's assertion of an ineffective assistance of counsel claim through an Ohio Rule 26(B) application to reopen an appeal does not preserve the underlying constitutional claims for review in a federal habeas corpus proceeding. *See, e.g., Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008). McIntire does not assert ineffective assistance of counsel as a ground for relief in his petition, but only as a reason to avoid the effect of the procedural-default rule.

An attorney's errors do not constitute a "substantial reason" to excuse a petitioner's procedural default unless the attorney's performance meets the *Strickland* test for ineffective assistance of counsel. *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Further, the "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Rust*, 17 F.3d at 161 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). In

4

order to establish an attorney error as cause for his procedural default, McIntire must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Rust*, 17 F.3d at 161 (quoting *Murray*, 477 U.S. at 488). McIntire does not offer any evidence of an objective external factor, and therefore he cannot establish ineffective assistance under *Strickland*. Therefore, I overrule McIntire's first objection.

McIntire's second objection rests on a simply-incorrect premise. He in fact was required to present all of his claims to the Supreme Court of Ohio in his petition for jurisdiction. *Rust*, 17 F.3d at 160 ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." (quoting *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990))). His failure to do so means his first and third grounds for relief are procedurally defaulted, and I overrule this objection.

Finally, McIntire fails to demonstrate a fundamental miscarriage of justice occurred. *See, e.g., Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). McIntire offers no evidence of his actual innocence, only the argument that the jury would have found him not guilty if not for the alleged constitutional errors. This argument is not sufficient to establish a fundamental miscarriage of justice. *Id.* at 324. Therefore, I overrule this objection as well.

### B. COMMENTS ON INVOCATION OF RIGHT TO COUNSEL

The Ohio court of appeals concluded – properly, in my view – that the prosecutor violated McIntire's rights under the Due Process Clauses of the Fifth and Fourteenth Amendments, when the prosecutor twice made reference to McIntire's decision to invoke his right to counsel during his interrogation following his arrest. *State v. McIntire*, 2015 WL 1278645, at *5-7 (Ohio Ct. App. March 20, 2015). The court of appeals noted McIntire objected to those references at trial on a different basis than he presented on appeal and evaluated his argument under the plain-error standard, which requires the defendant prove "the outcome of the trial would have been different but for the error."

5

*Id.* at *6. The appellate court concluded McIntire did not satisfy the plain-error standard, because the prosecution did not mention McIntire's silence during subsequent questioning or during closing argument, and because the jury instructions made clear that McIntire had the right to remain silent and to request an attorney. *Id.* at *7.

Judge Ruiz concluded the appellate court's determination that this error did not have a "substantial and injurious effect" on the jury's decision was not an unreasonable application of clearly-established federal law, and recommends I deny the petition on this ground. (Doc. No. 15 at 23-24).

McIntire objected to Judge Ruiz's recommendation on Ground 2, but apparently did so under the mistaken belief that Judge Ruiz had concluded this ground was procedurally defaulted as well. (Doc. No. 16 at 7-8). McIntire fails to establish that the appellate court's decision was an unreasonable application of Supreme Court precedent, and I overrule his objection. *See, e.g., Moreland v. Bradshaw*, 699 F.3d 908 (6th Cir. 2012).

## V. CONCLUSION

For the reasons stated above, I overrule McIntire's objections, (Doc. No. 16), to Judge Ruiz's Report and Recommendation, (Doc. No. 15), and adopt the Report and Recommendation in full. I conclude Grounds 1, 3, 4, 5, 6, 7, 8, 9, and 10 have been procedurally defaulted, and that Ground 2 lacks merit. Therefore, I deny McIntire's habeas petition.

I also deny his motions for appointment of counsel, (Doc. No. 17), a declaration of indigency, (Doc. No. 18), and for an evidentiary hearing, (Doc. No. 19), as moot. Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge